

**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
*www.usdoj.gov/usao/or*

Cassady A. Adams
Assistant U.S. Attorney
Cassady.Adams@usdoj.gov
(503) 727-1000
*Reply to Portland Office*

**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Scott E. Bradford
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

November 5, 2025

Scott Leonard
Law Office of Scott Leonard, LLC
4511 SE 63rd Ave., Suite F
Portland, OR 97206

> Re:    *United States v. Denis Alberto Lagos-Ponce*
> Case No. 3:25-cr-00401-SI-2
> Rule 11(c)(1)(A),(B) Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**:  This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority.  This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**:  Defendant agrees plead guilty to Count One of the Indictment, which charges the crime of possession with intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(vi).

3.    **Penalties**:  The possible penalties for the crime charged in Count One of the Indictment are a mandatory minimum five years imprisonment up to a maximum of 40 years imprisonment, a fine of up to $5,000,000, at least 4 years of supervised release, and a $100 special assessment.

Defendant agrees to pay the $100 fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

**Defendant understands that because defendant is not a citizen of the United States, defendant's guilty plea and conviction make it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant acknowledges and agrees that defendant's attorney has explained this and that defendant still wants to plead guilty.**

4.    **No Prosecution**:  The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

Scott Leonard
Lagos-Ponce Plea Agreement
Page 2

5.      **Elements and Factual Basis**:   In order for defendant to be found guilty of Count One of the Indictment, the government must prove the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide (fentanyl).

Second, the defendant possessed it with the intent to distribute it to another person.

Third, the defendant knew that it was fentanyl or some other federally controlled substance.

Fourth, the amount of fentanyl the defendant possessed was 40 grams or more of a mixture or substance containing a detectable amount of fentanyl.

Defendant admits the elements of the offense alleged in Count One of the Indictment.

The following facts are true and undisputed:

On September 8, 2025, law enforcement executed a federal search warrant on an apartment in Portland, Oregon that was shared by the defendants in this case, Denis Alberto Lagos-Ponce, and his co-defendant, Robinson Gabriel Medina-Coello. Within the apartment and attributable to Lagos-Ponce, police found approximately 127 gross grams of fentanyl powder, which was pre-packaged in multiple bags. This amount of fentanyl is more than would be solely for personal use. They also found $6,101 US Currency attributable to Lagos-Ponce. Police learned that Lagos-Ponce had been involved in the sale of fentanyl in Portland, Oregon prior to his arrest on September 8, 2025.

6.      **Sentencing Factors**:  The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). The parties agree that a Presentence Report (PSR) will be prepared and will not be waived.  Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

7.      **Relevant Conduct**:  The parties agree that defendant's relevant conduct pursuant to USSG § 2D1.1(a)(5) is likely a Base Offense Level of 24, prior to adjustments.

8.      **"Safety Valve" Adjustment**: If the Court determines defendant meets the criteria of 18 U.S.C. § 3553(f) and USSG § 5C1.2 for "safety valve" relief from a mandatory minimum sentence, the parties will recommend a two-level reduction in offense level pursuant to USSG § 2D1.1(b)(18).

9.      **Adjustment for Certain "Zero-Point" Offenders:** If defendant does not have any criminal history points and otherwise meets all of the criteria for the "Adjustment for Certain

Scott Leonard
Lagos-Ponce Plea Agreement
Page 3

Zero-Point Offenders," the parties will recommend a two-level downward adjustment pursuant to USSG § 4C1.1.

10.     **No Enhancement**: The USAO agrees not to file for a sentencing enhancement under 21 U.S.C. § 851 if defendant has any prior felony drug convictions.

11.     **Acceptance of Responsibility**: Defendant must demonstrate to the Court that she fully admits and accepts responsibility under U.S.S.G. § 3E1.1 for her unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen).  The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in U.S.S.G. § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in U.S.S.G. § 3E1.1.

12.     **Downward Variance**: The United States agrees to recommend an additional three-level downward variance, pursuant to 18 U.S.C. § 3553(a), for prompt notice to the government of defendant's intent to plead guilty and accept responsibility prior to the first trial setting, and other reasons to be presented at sentencing.

The USAO agrees to recommend an additional one-level downward variance under 18 U.S.C. § 3553(a) for mitigating circumstances and to achieve a jointly recommended sentence.

13.     **Sentencing Recommendation**: The government and defense will jointly recommend a sentence of twelve months and one day custody, followed by four years of supervised release.

14.     **Abandonment of Property**: By signing this agreement, Defendant, from whom the property was seized, hereby agrees to abandon all right, title, and interest in the following property, pursuant to Title 41, Code of Federal Regulations (CFR), Section 128-48.102.1, and waives his right to notice of any abandonment proceedings, in order that appropriate disposition may be made thereof by the custodial agency:

- $6,101 US Currency seized from defendant

15.     **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal.  Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).  In the event that

Scott Leonard
Lagos-Ponce Plea Agreement
Page 4

defendant's conviction under this agreement is vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

16.     **Court Not Bound**:  The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer.  Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

17.     **Full Disclosure/Reservation of Rights**:  The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case.  Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

18.     **Breach of Plea Agreement**:  If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

If defendant believes that the government has breached the plea agreement, he must raise any such claim before the district court, either prior to or at sentencing.  If defendant fails to raise a breach claim in district court, he has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

19.     **Memorialization of Agreement**:  No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court.  If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

20.     **Deadline**:  This plea offer expires if not accepted by December 9, 2025, at 5:00 p.m.

Sincerely,

SCOTT E. BRADFORD
United States Attorney

_/s/ Cassady A. Adams_
CASSADY A. ADAMS
Assistant United States Attorney

Scott Leonard
Lagos-Ponce Plea Agreement
Page 5

I have carefully reviewed every part of this agreement with my attorney.  I understand and voluntarily agree to its terms.  I expressly waive my rights to appeal as outlined in this agreement.  I wish to plead guilty because, in fact, I am guilty.

11/20/25
Date

Deis Logos
DENIS ALBERTO LAGOS-PONCE
Defendant

I represent the defendant as legal counsel.  I have carefully reviewed every part of this agreement with defendant.  To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

11/20/25
Date

SCOTT LEONARD
Attorney for Defendant

I fully and accurately translated this agreement to the above-named defendant as the interpreter in this case.  I fully and accurately interpreted discussions between the defendant and the attorney.

20 November 2025
Date

Interpreter (if necessary)