SCOTT E. BRADFORD, OSB # 062824
United States Attorney
District of Oregon
**CASSADY A. ADAMS, CO Bar #48807**
Assistant United States Attorney
Cassady.Adams@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:25-cr-00401-SI-2** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **DENIS ALBERTO LAGOS-PONCE,** | |
| **Defendant.** | |

### Introduction

Defendant Denis Alberto Lagos-Ponce is before the Court for sentencing following entry of a guilty plea to the charge of possession with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi).

In this case, the United States recommends a sentence of 12 months and one day custody, followed by four years of supervised release. This is a joint recommendation.

//

**Government's Sentencing Memorandum**                                                                 **Page 1**

**Factual Background**

**A.  The Offense Conduct**

Defendant Lagos-Ponce was the roommate of a subject of a drug trafficking investigation on the summer of 2025, and police subsequently learned that Lagos-Ponce was also involved in selling drugs. ¶¶ 18, 22, 24. Investigators initially identified Robinson Gabriel Medina-Coello (Medina-Coello, the co-defendant) as a street level fentanyl dealer in Portland, Oregon, and they conducted multiple controlled buys from Medina-Coello in furtherance of the investigation, as well as conducted surveillance. PSR ¶ 18. The investigation revealed that Lagos-Ponce was living with Medina-Coello in the same apartment. PSR ¶¶ 18, 22, 24.

On September 8, 2025, police carried out a search warrant on the defendants' apartment. PSR ¶ 19. Lagos-Ponce was at home at the time of the warrant. PSR ¶ 22. During a search of the defendants' apartment, police found a digital scale, new/unused packaging in the kitchen, money remitter receipts, over $2,000 US currency and Medina-Coello's passport under a mattress, and over $6,000 US currency and a ledger near the second bed in the same bedroom, and approximately 127.9 gross grams of fentanyl inside a black speaker in the utility closet. PSR ¶ 22.

Lagos-Ponce admitted that he and Medina-Coello split the rent of the apartment, and that Lagos-Ponce's fingerprints would be on the black speaker found in the utility closet. PSR ¶ 24. He estimated that there would be about four ounces of fentanyl powder in the black speaker. *Id.* He acknowledged that he had been selling fentanyl for about four months. *Id.*

**Government's Sentencing Memorandum**                                **Page 2**

As noted in the presentence report, Medina-Coello was separately arrested with approximately 193 gross grams of fentanyl and a firearm. PSR ¶ 21. These items are not attributable to Lagos-Ponce.

On October 7, 2025, a federal grand jury returned an indictment charging Lagos-Ponce with possession with intent to distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi).[1]

### B. The Plea Agreement & Guideline Computations

On December 18, 2025, Lagos-Ponce pleaded guilty to count one of the indictment, possession with intent to distribute fentanyl. PSR ¶ 1.

The presentence report has calculated Lagos-Ponces's criminal history score to be zero, and his criminal history category is I. PSR ¶ 42.

The government agrees with the guideline calculations in the presentence report, which are consistent with the plea agreement in this case. PSR ¶¶ 29-37.

Additionally, the government is recommending a three-level downward variance under 18 U.S.C. § 3553(a) to account for defendant's prompt notice to the government of defendant's intent to plead guilty and accept responsibility, and an additional one level downward variance under 18 U.S.C. § 3553(a) to achieve the joint sentencing recommendation and for mitigating circumstances. PSR ¶¶ 12-13.

The government jointly recommends a sentence of 12 months and one day custody in this case, followed by four years of supervised release.

---

[1] The co-defendant, Medina-Coello, was charged with possession with intent to distribute fentanyl and carrying a firearm during and in relation to a drug trafficking offense.

**Government's Sentencing Memorandum**                                              **Page 3**

## Argument

### A.  18 U.S.C. 3553(a) Sentencing Factors

There are general factors that district courts take into account in exercising their sentencing discretion. Specifically, 18 U.S.C. § 3553(a) directs courts, "in determining the particular sentence to be imposed," to consider the following factors:

(1) "the nature and circumstances of the offense and the history and characteristics of the defendant;"

(2) "the need for the sentence imposed" to serve purposes of the criminal laws;

(3) "the kinds of sentences available;"

(4) "the kinds of sentence and the sentencing range" established by the guidelines;

(5) "any pertinent policy statement" issued by the Sentencing Commission;

(6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" and

(7) "the need to provide restitution to any victims of the offense."

18 U.S.C. § 3553(a)(1)-(7).

Many of the § 3553(a) factors warrant the sentence requested by the government in this case, including the nature and circumstances of the offense, and the need for the sentence imposed to serve the purposes of the criminal laws. Those purposes include "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment . . . afford adequate deterrence . . . protect the public . . . ." and to provide needed education, training, treatment, and care to the defendant. 18 U.S.C. § 3553(a)(2).

//

**Government's Sentencing Memorandum**                                    **Page 4**

## B. Analysis of Sentencing Factors

This case involves the defendant, Lagos-Ponce, being involved in street-level drug dealing of fentanyl in the Portland, Oregon area in the summer of 2025.

This conduct was serious because it involves fentanyl – a dangerous drug that can be lethal even in small amounts. *See* DEA Drug Fact Sheet – Fentanyl (Oct. 2022), available at https://www.dea.gov/sites/default/files/2022-12/Fentanyl%202022%20Drug%20Fact%20Sheet.pdf . The fentanyl possessed and distributed by Lagos-Ponce contributed to the spread of this poison in our community.

Lagos-Ponce's crime was likely financially motivated because he was making money from selling fentanyl. PSR ¶ 24. He does not suffer from substance abuse issues. PSR ¶ 64. The presentence report outlines mitigating circumstances in Lagos-Ponce's background prior to reaching the United States, including poverty and exposure to violence. PSR ¶¶ 47-55. The government believes that the joint sentencing recommendation in this case appropriately accounts for these mitigating circumstances.

Lagos-Ponce has no criminal history, including no prior arrests. PSR ¶¶ 40-45. He also indicated a willingness to plead guilty prior to the first trial setting. PSR ¶ 12.

Furthermore, because he is not a United States citizen, Lagos-Ponce is subject to removal from the United States as a collateral consequence, upon the conclusion of his sentence in this case. PSR ¶ 5.

The requested sentence of 12 months and one day custody promotes respect for the law, provides just punishment, and affords adequate deterrence by holding Lagos-Ponce accountable for his role in this case.

**Conclusion**

Based on the foregoing, the government recommends the Court impose a sentence of 12 months and one day custody, followed by a four-year term of supervised release, and a $100 fee assessment.

Dated: March 26, 2026                    Respectfully submitted,

                                         SCOTT E. BRADFORD
                                         United States Attorney

                                         /s/ *Cassady A. Adams*
                                         CASSADY A. ADAMS, CO Bar #48807
                                         Assistant United States Attorney